# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**LESTER LEE ELLIS,**                                                                                **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO.: 3:13cv231-MPM-DAS**

**WARDEN OUTLAW and**
**MTC-MEDICAL DEPT.,**                                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Lester Lee Ellis, proceeding *pro se* and *in forma pauperis*, filed suit under 42 U.S.C. § 1983 alleging that Defendants acted with deliberate indifference to his medical needs. Defendant Tim Outlaw has moved for summary judgment, and Defendant MTC-Medical Dept. has filed a motion to dismiss. Having reviewed the submissions and arguments of the parties, as well as the applicable law, the Court finds that Defendants' motions should be granted, for the reasons that follow.

### Background

Lester Ellis is an inmate in the custody of the Mississippi Department of Corrections ("MDOC") who is currently housed at the Marshall County Correctional Facility ("MCCF") in Holly Springs, Mississippi. He filed the instant §1983 action against MCCF's senior warden, Tim Outlaw, and against the Medical Department of the Management &Training Corporation ("MTC - Medical Dept."), the entity operating MCCF, alleging that they allowed him to go without food for three days in February 2013 after Ellis injured his back and was unable to walk to the dining hall.

Ellis contends that he injured his back on February 1, 2013, after he picked up a box in the facility's kitchen. On that date, he was transported by stretcher to MCCF's medical clinic, where he was given some pain medication and a three-day "lay-in," or medical excuse, from

work. Ellis maintains that he was at the infirmary for approximately thirty minutes before he was taken by wheelchair back to his housing unit and put into bed. The next morning, he contends, he was unable to get out of bed due to back pain. Ellis alleges that he could not get out of bed to go to the dining hall or to the bathroom, and that he was told by staff members that he could not be brought any meals because he did not have a lay-in specifically stating that he needed a food tray. Ellis contends that he was further informed that MCCF does not provide lay-in food trays to inmates. Ellis states that because he was unable to get out of bed, he went without food from February 2, 2013, until February 5, 2013, when he was finally able to walk to the dining hall.

Ellis concedes that he suffered no lasting injury as a result of Defendants' alleged misconduct, but he maintains that Defendants' failure to issue him a "lay-in with tray" or admit him to the infirmary reflects a deliberate indifference to his medical needs in violation of the Eighth Amendment.

**Defendant Tim Outlaw's Motion for Summary Judgment**

Defendant Tim Outlaw claims that he is entitled to summary judgment as to Ellis' claims against him. Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining the appropriateness of summary judgment, all facts are considered in favor of the nonmoving party, including all reasonable inferences therefrom. *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir.1995). However, in the absence of proof, the court does not "assume that the

2

nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)(emphasis omitted).

Summary judgment is proper, then, "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citations omitted)). The nonmovant cannot rely upon "conclusory allegations, speculation, and unsubstantiated assertions" to satisfy his burden, but rather, must set forth specific facts showing the existence of a genuine issue as to every essential element of his claim. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (citation omitted); *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). Summary judgment should be granted if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir.1993).

It is well established that "[p]rison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The test for deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1993). A prison official is not liable under this standard in a § 1983 case unless the plaintiff alleges facts which, if proven, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference."

*Farmer*, 511 U.S. at 838.

To successfully make a showing of deliberate indifference, a plaintiff must demonstrate that prison officials engaged in conduct that "clearly evince[s] a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quotations omitted). Negligence will not support the finding of a constitutional violation. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Additionally, a plaintiff's disagreement with medical professionals as to his treatment is insufficient to state a claim of deliberate indifference. *Norton v. Dimazana*, 122 F.3d 286 (5th Cir. 2001).

Ellis' medical records indicate that he was seen in the prison infirmary on February 1, 2013, complaining of lower back pain and an inability to move. (Mot. Summ J., Ex. A-1). Ellis' lower spine was x-rayed. (*Id*. at 8). These records note that Ellis was, at that time, able to raise his upper body without difficulty while lying in bed; he was able to bring both legs up to his chest and roll to his right side without difficulty; and he was able to stand and get on a stretcher with little assistance. (*Id.* at 3). At the conclusion of the examination, Ellis was given Ibuprofen and a "lay-in" excuse to miss work from February 2 through February 5, 2013, though he was not admitted to the infirmary. (*Id*. at 3, 9). A follow-up examination was also planned. (*See id.* at 3).

Ellis returned to the infirmary on February 5, 2013, complaining of severe left lower back pain, muscle tightness, and swelling to that part of his back. (*Id*. at 5). He was also noted as having high blood pressure, and he reported that he had run out of his blood pressure medication. (*Id.*). A nurse practitioner treated Ellis and diagnosed him with lower back strain. (*Id*. at 6). He was given anti-inflammatory medications and pain relievers. (*Id*. at 6).

On February 19, 2013, Ellis submitted a written grievance through MDOC's

Administrative Remedy Program ("ARP") complaining about the lack of medical treatment and lack of meals between February 1 and February 5, 2013. (*See* ECF No. 1, 7). The first-step response from L.M. Darnell states that Ellis' medical records were carefully reviewed, and those medical records show that Ellis' mobility was good on February 1, 2013. (*Id*. at 9). Darnell further states that there is no documentation in Ellis' records that he was unable to get out of bed to attend meals between February 1 and February 5, 2013, and she notes that he was provided with pain medication on both February 1 and February 5, 2013. (*Id*.). She also notes that Ellis' medical records reflect that Ellis was seen on February 21 for a chronic blood pressure condition, where no further complaints of back pain were documented. (*Id*.).

Following Darnell's response, Ellis proceeded to the second step of the grievance process. The second-step ARP response from Dr. Williams states that there are no "lay-in trays" at MCCF, and that there is no documentation in the records that any officers called the medical clinic to complain that Ellis was not eating or could not walk. (*Id*. at 12). Dr. Williams notes that if Ellis had been unable to walk, he should have notified the medical department so that he could have been housed in the infirmary until his condition improved or until his pain was managed. (*Id*.).

Ellis then proceeded with the instant suit, and he has submitted the sworn statements of seven inmates stating that Ellis did not get any meals during the relevant time frame. (ECF No. 29). Some of these statements also declare that officers did not check on Ellis' condition, and that Ellis could not get out of bed. (*Id.*). A statement from inmate Carl Brandon indicates that Ellis had some mobility during this time frame, however, as Brandon maintains that he saw Ellis "struggling (walking) with a plastic chair trying to get to the restroom" on February 2, 2013. (*Id*. at 7).

In response to Ellis' allegations, Warden Tim Outlaw submitted an affidavit stating that he is not involved in treating inmates or in making medical decisions. (*See* Mot. Summ J., Ex. A, Aff. of Tim Outlaw). According to Defendant Outlaw, MTC has operated MCCF since July 2012, and inmate medical services at MCCF are handled by Health Assurance, LLC, which has contracted with MDOC to serve inmates housed at MCCF. (*Id.*). Therefore, he maintains, not only is he not involved with medical services and decisions, but MTC is not involved with inmate medical services. (*Id.*).

The Court notes that a prisoner states an Eighth Amendment claim by demonstrating "an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic human need." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). These measures include "reasonably adequate" food. *Id.* (quoting *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996)). While Defendant Outlaw does not make medical decisions or provide medical services at MCCF, he clearly had the authority to order Ellis' transport to the medical clinic for evaluation if he determined that Ellis could not get out of bed. However, Ellis does not demonstrate that Defendant Outlaw knew of his alleged immobility, or that Defendant Outlaw intentionally deprived him of any meals. In fact, Ellis does not state what misconduct Defendant Outlaw is alleged to have committed.

Defendant Outlaw cannot be held responsible for the actions or omissions of the medical staff or other correctional officers at MCCF just because he is warden, as §1983 does not "create supervisory or respondeat superior liability." *Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). In order to hold a supervisory official responsible for a § 1983 violation, a

plaintiff must establish either (1) the official's personal participation in the alleged wrong, or (2) "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). Absent participation in the offensive act, supervisory liability exists if a supervisory official implements a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Id*.

After Ellis complained of back pain, he was transported to the medical clinic and treated, and a follow-up appointment was set. According to his medical records, Ellis was mobile when he left the clinic on February 1, 2013, and there is no indication that Ellis requested to be moved to the infirmary at any time between February 1 and February 5, 2013. Ellis has not presented any evidence that Defendant Outlaw was involved in any decision to refuse to provide Ellis with a food tray or admit him to the facility's infirmary, or that Defendant Outlaw implemented an unconstitutional policy that was "the moving force" behind the alleged violation. In fact, Ellis makes no allegation that Defendant Outlaw was involved with any decision regarding Ellis' medical treatment, and he does not allege that Defendant Outlaw had any knowledge of Ellis' alleged inability to walk to the dining hall. Accordingly, Defendant Outlaw is entitled to summary judgment as to Ellis' claims.[1]

### Defendant MTC - Medical Dept.'s Motion to Dismiss

Defendant MTC - Medical Dept. has filed a motion to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6), arguing that it is a legally

---

[1] The Court also notes that an *in forma pauperis* plaintiff's injury must be more than *de minimis* to be compensable. *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 631 (5th Cir. 2003). Ellis has alleged no adverse consequences as a result of the missed meals other than hunger, which could be considered a *de minimis* injury.

non-existent entity with no authorized agent for service of process and is not subject to suit under § 1983. As previously noted, MTC operates under contract with the Mississippi Department of Corrections, and inmate medical services are handled by Health Assurance, LLC, which separately contracts with MDOC to serve the inmates housed at the facility. (Mot. to Dismiss, Ex. A).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts the well-pleaded allegations in the complaint as true and views them in the light most favorable to the plaintiff. *Cramer v. Skinner*, 931 F.2d 1020, 1025 (5th Cir. 1991); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). While the court does not "evaluate the plaintiff's likelihood of success" when considering a Rule 12(b)(6) motion, the plaintiff's failure to state a "legally cognizable claim that is plausible" will not allow his complaint to survive a motion to dismiss. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citation omitted). Dismissal is appropriate only "if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

Defendant alleges that "MTC-Medical Dept." cannot be sued under § 1983 because it is not a legal entity capable of being sued. It also argues that since "MTC-Medical Dept." has no authorized agent for service of process, it is a legally non-existent entity and service against it is improper, requiring Ellis' claims to be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) (providing for the possibility of dismissal for insufficient service of process).

The Court notes that while "MTC-Medical Dept." may not be a legally cognizable entity, MTC is a legal entity capable of being sued. *See, e.g., Rosborough v. Management & Training Corp*, 350 F.3d 459, 461 (5th Cir. 2003) (holding that private-prison management companies are

8

subject to § 1983 liability). However, in order for MTC to be held liable under § 1983, Ellis must establish that the execution of some MTC policy or custom led to the injury he sustained. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978). Ellis has not made any specific allegation as to any MTC policy or custom that resulted in his alleged injury, and MTC does not provide medical services at MCCF. Accordingly, the instant motion to dismiss will be granted.

## Conclusion

For the reasons set forth herein, Defendant Outlaw's motion for summary judgment [22] and Defendant MTC - Medical Dept.'s motion to dismiss [26] are **GRANTED**, and the instant action is **DISMISSED WITH PREJUDICE**. A separate judgment in accordance with this Memorandum Opinion and Order will enter today.

**SO ORDERED** this the 24th day of September, 2014.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**